# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS | TYLER DIVISION

| | |
|---|---|
| **JONDRA F. LATHAM**<br>DEBTOR | **CASE NO. 22-60447**<br>**CHAPTER 7 BANKRUPTCY**<br>(Discharged) |

**JONDRA F. LATHAM**
  PLAINTIFF

          vs.                                    **AP NO.** (See File-Stamp)

**PROSPER MARKETPLACE, INC.**
  DEFENDANT

## THE ORIGINAL PETITION OF THE PLAINTIFF

**Preliminarily, this adversary complaint concerns the willful violation of the discharge injunction, and related relief.**

**TO THE HONORABLE BANKRUPTCY JUDGE, JOSHUA P. SEARCY:**

## WHAT THIS ADVERSARY PROCEEDING IS ABOUT

1. Jondra F. Latham (Ms. Latham) was the sole debtor in the above-stated discharged no-asset Chapter 7 bankruptcy case ("main case"). She is also the sole plaintiff in this adversary proceeding.

2. Prosper Marketplace, Inc. ("Defendant") is a San Francisco, California based peer-to-peer lender. It operates the website entitled prosper.com. Borrowers, like Ms. Latham, request personal loans on Defendant's website and investors may fund these loans. Defendant manages all stages of these loans and services the loans that are made. Ms. Latham requested such a loan through Defendant and her loan was approved prior to her filing the main case.

3. Although initial notice or knowledge is in question given a missing suite number for Defendant, the suite number was added during Ms. Latham's main case and notice was provided to Defendant at its correspondence address. Nevertheless, Defendant has continued in its attempt to collect the pre-petition debt discharged by Ms. Latham's bankruptcy.

### THE JURISDICTIONAL ISSUES RELATED TO THIS BANKRUPTCY COURT

4. This Bankruptcy Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### THE BACKGROUND FACTS

5. Pre-petition, Ms. Latham obtained a loan through Defendant.

6. On October 6, 2022 Official Form 101 - Voluntary Petition for Individuals Filing Bankruptcy was uploaded on behalf of Ms. Latham in the main case pursuant to 11 U.S.C. § 301(a). (ECF 1)[1]. This petition constituted an order for relief pursuant to 11 U.S.C. § 301(b).

7. On October 6, 2022 a list of creditors was uploaded on behalf of Ms. Latham in the main case pursuant to 11 U.S.C. § 521(a)(1)(A) and F. R. Bankr. P. 1007(a)(1). (ECF 1). The Matrix included Defendant at 221 Main Street, San Francisco CA 94105 ("matrix address"). This address was correct in every way, but did not contain a suite number.

---

[1] "(ECF ___)" represents the corresponding document on the PACER | CM/ECF Docket Report as maintained for Ms. Latham's bankruptcy main case, No. 22-60447.

8. On October 6, 2022 bankruptcy schedules and statement of financial affairs were uploaded on behalf of Ms. Latham in the main case pursuant to 11 U.S.C. § 521(a)(1)(B) and F. R. Bankr. P. 1007(b). (ECF 1). Therein, Official Form 106E/F – Creditors Who Have Unsecured Claims – disclosed Defendant's prepetition debt.

9. Defendant's is and was a pre-petition "creditor" who held a "claim" in the main case pursuant to 11 U.S.C. §§ 101(10) and 101(5) respectively. Defendant's was/is unsecured.

10. On October 6, 2022 a Certificate of Counseling was uploaded on behalf of Ms. Latham in the main case pursuant to 11 U.S.C. § 521(b). Pursuant to 11 U.S.C. § 109 Ms. Latham was eligible to be a debtor in the main case.

11. In regard to the Chapter 7 bankruptcy, the post-petition income or earnings of Ms. Latham is not subject to payment for any pre-petition debt or claim that is not otherwise reaffirmed.

12. On October 6, 2022 Official Form 309A – Notice of Chapter 7 Bankruptcy Case (For Individuals or Joint Debtors) – No Proof of Claim Deadline was uploaded in the main case pursuant to F. R. Bankr. P. 2002(a)(1). (ECF 5). According to the BNC[2] certificate of notice uploaded on October 8, 2022, the Notice was provided to Defendant at the matrix address. (ECF 8).

13. On October 7, 2022 the Certificate of Debtor Education was filed on behalf of Ms. Latham in the main case. (ECF 7).

---

[2] The BNC stands for Bankruptcy Noticing Center. Information on this service may be located at bankruptcynotices.uscourts.gov. BNC provides a process for preparing, producing, and sending bankruptcy court notices by electronic transmission of the United States mail.

14. On November 4, 2022 the Meeting of Creditors was held in the main case pursuant to 11 U.S.C. § 341, Ms. Latham attended, and the meeting was concluded.

15. On November 15, 2022, based upon a prior phone conversation with Ms. Latham, Defendant drafted and sent a letter to Ms. Latham that requested notice of her bankruptcy filing be sent to it.

16. On November 22, 2022 a letter was drafted and mailed to Defendant by Ms. Latham's bankruptcy attorney, which advised it of the main case and demanded that all further communications and collection efforts cease. This letter also included a copy of the Notice of Bankruptcy Case Filing.

17. On November 22, 2022 a Notice of Creditor Change of Address was uploaded in the main case on behalf of Ms. Latham which provided Defendant's corrected address. (ECF 14). The corrected address reported was 221 Main Street Suite 300, San Francisco, CA 94105. This corrected address is the same as the correspondence address found on Defendant's website.

18. On November 22, 2022 a Certificate of Service was uploaded in the main case on behalf of Ms. Latham that demonstrates the Notice of Change of Address and was mailed to Defendant at the corrected address. (ECF 15).

19. On January 4, 2023 the Bankruptcy Court issued its Order of Discharge in the main case pursuant to 11 U.S.C. §§ 524, and 727. (ECF 17). Pursuant to the BNC certificate of notice dated January 6, 2023 notice of the order of discharge was sent to Defendant by electronic transmission. (ECF 18). In particular, the Order warned: "**Creditors cannot collect discharged debts** This order means that no one may make

any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtor's damages and attorney's fees". (Emphasis exact).

20. On or about February 5, 2023 Defendant prepared a statement to Ms. Latham concerning the same account number provided with the listing of the prepetition debt as disclosed in the main case, which demanded she either pay the full $469.54 owing, or at least pay a minimum amount of $100.00. Further, this statement reflected that Ms. Latham was past due $70.00.

21. On February 6, 2023 Defendant emailed Ms. Latham to advise her of the February 5, 2023 statement and to make payment.

22. On or about February 7, 2023 Ms. Latham contacted Defendant by phone to complain of its collection efforts given her bankruptcy discharge.

23. On February 17, 2023 Defendant drafted and sent an email to Ms. Latham, which stated: "Hi, You recently contacted us with a question or a concern about your account. We will respond as soon as possible, but please give us a call at 1-800-903-4697 if your request is urgent".

24. On February 17, 2023 Carol Stone, Ms. Latham's bankruptcy attorney, sent a second cease and desist letter to Defendant to support@prospercards.com.

25. The post-discharge income or earnings of Ms. Latham is not subject to payment of any prepetition debt or claim owed to Defendant.

26. As a result of the above-described conduct of Defendant Ms. Latham has been the victim of mental suffering which is not fleeting because the actions of Defendant are not fleeting. One impediment is that Ms. Latham has been delayed in reestablishing her credit after her discharge. Although not limited to the following, the suffering of Ms. Latham has manifested these psychosomatic physical symptoms as anxiety, grief, restless nights, confusion, feelings of detachment, feeling surreal, and/or and other physical and mental symptoms of stress and depression.

## THE DISCHARGE INJUNCTION WAS WILLFULLY AND/OR INTENTIONALLY VIOLATED

27. The Background Facts stated above are re-alleged in support of this cause of action for the willful and/or intentional violation of the discharge injunction.

28. This violation is aggravated by Defendant's conduct while her main case was pending.

29. The discharge of the bankruptcy of Ms. Latham created an injunction prohibiting the collection of any pre-petition debt or claim from Ms. Latham personally or individually pursuant to 11 U.S.C. § 524(a)(2) and/or (3) for which no exception exists pursuant to 11 U.S.C. § 524(b).

30. The Bankruptcy Court is asked to enforce the statute arising under 11 U.S.C. § 524(a), for which there is knowledge, and is compensable pursuant the Court's contempt authority and 11 U.S.C. § 105. *Taggart v. Lorenzen*, 139 S.Ct. 1795, 1801

(2018), *In re Crocker*, 941 F.3d 206, 216 (5th Cir. 2019); *In re Cano*, 410 B.R. 506 (Bankr. S.D. Tex. 2009).

### IT MAY BE NECESSARY FOR THIS COURT TO ENFORCE OR ENTRY ADDITIONAL ORDERS AND/OR INJUNCTION.

31. The Background Facts stated above are re-alleged in support of entry of any additional orders and/or injunctions. These may include, but not limited to:

    a. F. R. Bank. P. 5009(d) allows for this Court to enter an order declaring a lien as satisfied and the lien on property has been released under the terms of the confirmed plan. Although such a request is usually brought as a motion, here it is otherwise brought with causes of action which typically require the filing of an adversary proceeding.

    b. Pursuant to 11 U.S.C. § 105 "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *In re Terrebonne Fuel & Lube, Inc.*, 108 F.3d 609, 613 (5th Cir. 1997)."

    c. Pursuant to 28 U.S.C. § 2201 may declare the rights and other legal relations of any interested party seeking such declaration, and/or,

    d. Issuing any further or more specific injunctions to better define or curtail the acts or conduct of Defendant«DFS» in the future pursuant to 11 U.S.C. § 105.

### AN AWARD OF DAMAGES IS REQUESTED.

32. The Background Facts stated above are re-alleged in support of entry of and award of each category of actual damages, punitive damages and interest.

33. An award of actual damages is required to cover the value of any loss to including, but not limited to;

    a. Any out-of-pocket expenses or cost to or incurred by Ms. Latham;

    b. The personal time of Ms. Latham in participating and cooperating in this adversary proceeding through trial and any appeal;

    c. Any manifested, psychosomatic physical symptoms suffered by Ms. Latham as described in the Factual Background above;

    d. The attorneys' fees, costs and expenses incurred by Charles (Chuck) Newton and the lawyers of the law firm Newtons.Law, as well as Carol Stone in representing Ms. Latham in regard to the subject matter of this adversary proceeding.

34. Pursuant to the requisite stated in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996) and other similar decisions, an award of punitive damages is warranted for the following reasons:

    a. With the knowledge of the main case of Ms. Latham, Defendant received fair notice of the possibility of an award of punitive damages;

    b. As evidenced by the main case, the financial vulnerability of Ms. Lathamis evident.

      c.      The harm or injury inflicted on Ms. Latham is more than economic in nature.

      d.      Should the conduct or actions of Defendant had been allowed to succeed, the fresh start of Ms. Latham would have further imperiled.

      e.      The injury in this case is hard to detect; and/or the monetary value of noneconomic harm is difficult to determine.

35. Any award of damages should contain an award of pre-judgment and post-judgment interest pursuant to the average prices of U.S. Government Securities per 28 U.S.C. § 1961.

WHEREFORE, PREMISES CONSIDERED, it is the prayer of Ms. Latham that the Court will:

1. Find that Defendant willfully and/or intentionally violated the order of discharge issued by this Court;

2. Enforce the orders, rules and injunctions of this Court or the Bankruptcy Code or Rules as necessary, including, but not limited to, issuing any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code; and/or, declare the rights and other legal relations of any interested party seeking such declaration;

3. Sanction or award against Defendant all damages for all financial and non-financial harm or injury incurred as categorized in the adversary complaint, above;

4. Award pre-judgment interest and post-judgment interest; and,

5. Grant any and all other relief in equity or in law to which Ms. Latham may be entitled.

Respectfully submitted,

| | |
|---|---|
| **NEWTONS.LAW**<br>190 N. Millport Circle<br>The Woodlands TX 77382<br>Phone (281) 681-1170<br>Fax (281) 901-5631<br><br>_____<br>**CHARLES (CHUCK) NEWTON**<br>chuck@newtons.law<br>Texas Bar No. 14976250<br>SDTX Bar No. 27900 | **JANE NEWTON**<br>jane@newtons.law<br>Texas Bar No. 14977700<br>SDTX Bar No. 27901<br><br>**PATRICIA (PJ) NEWTON**<br>pj@newtons.law<br>Texas Bar No. 24099751<br>SDTX Bar No. 3137542<br><br>*Attorneys for the Plaintiff* |